IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN WESLEY LEE, #181952             *
                     Plaintiff,

    v.                               *   CIVIL ACTION NO. CCB-09-874

BOBBY SHEARIN, WARDEN               *
FRANK C. SIZER, JR., COMMISSIONER
  OF CORRECTIONS                    *
                  Defendants.
                                ***

MEMORANDUM

An overview of plaintiff's federal court pleadings is necessary before examining the merits of the above-captioned civil rights complaint.  Plaintiff filed a motion in his habeas corpus petition on the date of its dismissal, seeking injunctive relief as to his allegation that staff at the Western Correctional Institution ("WCI") had conducted a cell search on October 2, 2008, and confiscated his habeas corpus exhibits and other personal and legal property.  *See Lee v. Shearin,* Civil Action No. CCB-00-3323 (D. Md.) at Paper No. 51.   In light of access-to-court issues, the court required the state to brief the injunctive relief request even though the case had been dismissed.   The briefing determined that while plaintiff's legal materials had been confiscated, the property was being maintained by prison staff in a WCI housing unit property room and plaintiff had access to the materials on a "trade out" basis until such time as his habeas proceeding had played out in the courts.  *Id.* at Paper Nos. 53 & 57.  Injunctive relief was denied.  Plaintiff filed appeals of the habeas dismissal and the decision to deny injunctive relief.  The United States Court of Appeals for the Fourth Circuit consolidated the appeals and dismissed them on July 10, 2009.  *See Lee v. Curran*, 328 Fed. Appx. 849 (4th Cir. 2009).

On April 6, 2009, the court received the instant 42 U.S.C. § 1983 civil rights complaint for damages and miscellaneous relief.[1]  Plaintiff alleges that on October 2, 2008, officers conducted a cell search pending his adjustment hearing and assignment to administrative segregation, resulting in the destruction of his fan, television remote control, and typewriter.  Paper No. 1.  He further claims that "picture tickets," a chess set, typing ribbon, greeting and playing cards, and various food stuffs and beverages went missing after the cell search.  Plaintiff next asserts that on October 5, 2008, his legal exhibits in the aforementioned federal habeas corpus case and "other books and legal papers" were seized, even though he explained to staff that his case was still pending.  He claims that he was forced to send the exhibits and other materials out of WCI at his expense under the threat that they would be destroyed.  Finally, plaintiff alleges that on December 1, 2008, he was forced to have all his property sent out of WCI at his expense under threat of destruction.[2]  *Id.*

Currently pending before the court is defendants' motion to dismiss or, in the alternative, motion for summary judgment.  Paper No. 13.  An opposition and reply memorandum were subsequently filed.   Paper Nos. 15 & 22.   The case is ready for consideration.  No hearing is deemed necessary.  *See* Local Rule 105.6.  (D. Md. 2009).

Fed. R. Civ. P. 56(c)(2) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

---

[1]     Plaintiff asks to be reimbursed for his damaged and lost property and his expenses in having the property mailed out of the prison.  He also seeks the return of properties he was allegedly forced to send out on December 1, 2008.

[2]     Plaintiff states that this personal property included a color television, television remote, alarm clock, beard trimmers, tennis shoes, clothing, personal toiletries, and electronic accessories.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Defendants offer multiple grounds for dismissal arguing that: a claim has not been stated, there is no genuine dispute of material fact, administrative exhaustion has not been satisfied, and they are protected by qualified immunity. Paper No. 13 at Memorandum. They first take note of plaintiff's prior attempt to litigate issues in this court regarding his confiscated legal materials, including his habeas corpus exhibits. Defendants also maintain that as of March 31, 2009, four days

before this complaint was prepared, plaintiff's property inventory revealed that he had 3.0 cubic feet

of books and papers, more than twice the allowable 1.5. cubic feet of property.   They state that this

implies the plaintiff was still being permitted to maintain his excess legal property.   Paper No. 13,

Ex. 1 at Howard Decl.

Defendants allege that plaintiff was transferred to the Maryland Correctional Institution in

Jessup ("MCIJ") on April 8, 2009, and his property was re-inventoried.   The MCIJ property officer

affirms that none of plaintiff's property has been disposed of or confiscated since his arrival at

MCIJ.   *Id*., Ex. 2 at Boyd Decl.    The record shows that on June 28, 2009, plaintiff asked that his

books and papers be sent to the Mid-Atlantic Innocence Project ("Project") and he was assisted in

completing the property disposition form.   The Assistant Director of the Project avers that it is in

possession of plaintiff's trial transcript, appellate briefs, and a packet of discovery materials.   *Id*., Ex.

3 at Raman Decl.

Defendants further state that plaintiff was permitted to exceed the 1.5 cubic feet of

paperwork allowed under Division of Correction Directive 220-006 until the conclusion of his

habeas corpus proceedings in *Lee v. Shearin,* Civil Action No. CCB-00-3323 (D. Md.).   They assert

that with the denial of his certificate of appealability and dismissal of his habeas appeal and petition

for rehearing and rehearing en banc by the Fourth Circuit, plaintiff no longer requires access to his

legal materials and the case is therefore moot.

Defendants also argue that, according to the record, plaintiff has not satisfied administrative

exhaustion requirements because, although he filed a grievance with the Inmate Grievance Office

("IGO") regarding the confiscation of his legal property, his grievance was dismissed for the failure to provide all Administrative Remedy Procedure ("ARP") paperwork as requested by the IGO and as required under Maryland's regulation.   Paper No. 13, Ex. 6 at Oakley Decl.

The court shall first examine defendants' assertion that the case should be dismissed in its entirety due to plaintiff's failure to exhaust available administrative remedies.   The Prison Litigation Reform Act ("PLRA") generally requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Thus, the exhaustion provision plainly extends to plaintiff's allegations.   His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Id*. at 530; *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after the prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720,

726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"), *abrogated on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not also seek judicial review); *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated within thirty calendar days of the incident (or of the date the inmate first gained knowledge of the incident or injury) is the first of three steps in the ARP process provided by the Division of Correction to its prisoners.  If this request is denied, the prisoner has thirty calendar days to file an appeal with the Commissioner of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the IGO.  *See* Division of Correction Directive 185-002.VI.L-N (copy attached); *see also* Md. Code Ann. Corr. Serv. §§ 10-201 to 10-209.

Defendants' record shows that plaintiff filed grievances with the IGO concerning the confiscation, loss, or forced mailing out of his personal and legal property.  All grievances were dismissed, either for non-exhaustion, voluntary withdrawal, or failure to comply with ARP paperwork requirements.   Plaintiff does not dispute the record or allegations of non-exhaustion.  While this court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials," *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007), there is no allegation here that plaintiff, through no fault of his own, was prevented from

availing himself of the ARP process.  *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Instead, plaintiff through his own actions failed to follow through with the full ARP process offered

by the Division of Correction.  Therefore, defendants' motion for summary judgment for failure to

exhaust administrative remedies shall be granted.

Moreover, plaintiff's legal property claims are subject to summary judgment in favor of

defendants on the facts.  Prisoners are entitled to "a reasonably adequate opportunity to present

claimed violations of fundamental constitutional rights to the courts."  *Bounds v. Smith*, 430 U.S.

817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).  The Supreme

Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the

courts is actionable, but only when the inmate is able to demonstrate actual injury from such

deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).   According to the *Lewis* opinion, the

Constitution does not guarantee inmates the ability to litigate every imaginable claim they can

perceive, only that they be given the  tools necessary "in order to attack their sentences, directly or

collaterally, and in order to challenge the conditions of their confinement."  *Id*. at 355.

Defendants argue that the complaint should be dismissed because: (1) plaintiff has failed to

demonstrate that he experienced an actual injury from the temporary deprivation of his legal

materials and, in particular, the documents related to his habeas corpus petition; (2) defendants, the

WCI Warden and former Commissioner of the Division of Correction, are not liable under the

doctrines of *respondeat superior* or supervisory liability; and (3) the complaint contains no specific

allegations against defendants. It is defendants' contention that plaintiff has neither shown nor

claimed that he sustained an actual injury from the mailing of his legal materials out of the

institution.

In his opposition plaintiff asserts that this court, the Fourth Circuit, and the United States Supreme Court all have timelines in which to appeal and the Division of Correction 1.5 cubic feet limitation policy interferes with those timelines.   Paper No. 15.   He further contends that when he filed his certificate of appealabilty with the court in his habeas matter he did not have his legal materials and exhibits to prepare and argue his case.   He contends that he was not allowed access to any of his legal materials and exhibits until sometime after December 5, 2008, and never had a "fair opportunity to appraise and/or dispute when said legal material and exhibits was made excessible [sic]."   Paper No. 15.

In their reply, defendants argue that plaintiff was notified about his legal materials during his November 25, 2008 segregation confinement and was given the opportunity to make a plan for rotating access to needed legal materials.   Paper No. 22, Ex. 1 at Vann Decl.   On November 28, 2008, WCI staff again spoke to plaintiff regarding his plan for accessing his excess legal materials and he indicated that he did not have a plan.   On December 10, 16, and 24, 2008, plaintiff was permitted to leave his cell to review his legal materials.   *Id*.   Defendants also dispute plaintiff's claims of prejudice, arguing that plaintiff could have but did not request an extension of time to file his request for certificate of appealability and that there is no showing that his access to the courts was hampered by his limited access to his legal materials.

The court record shows that at the time plaintiff's legal materials were confiscated in early October of 2008, his habeas corpus petition had long since been briefed by the parties and was ready for substantive consideration.   Further, the confiscated legal materials were made available to plaintiff on a rotating basis beginning in November of 2008.   Indeed, he accessed them a number of times in December 2008.   There is no showing that plaintiff's temporary lack of access to these

materials adversely affected his ability to proceed on appeal or otherwise caused him harm in his ability to further litigate his habeas corpus petition.   Indeed, court records show that plaintiff was able to file timely motions, certificates, and briefing in the federal courts.[3]   No access-to-courts deprivation has been demonstrated.[4]

Although plaintiff's complaint also takes issue with the confiscation, damage, and/or loss of his personal property, defendants do not respond to these claims.   Such allegations implicate the Due Process Clause of the U.S. Constitution.   Sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy.   *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986).   The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.[5]   *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[6]   In sum, no Fourteenth Amendment claim has been established regarding the confiscation, loss, and/or destruction of plaintiff's personal property.

---

[3]      Defendants should have but do not reference the Fourth Circuit docket which shows that plaintiff was able to submit informal opening briefs in the Court of Appeals (copy attached).

[4]      Further, no personal liability has been alleged or established against either defendant with regard to the claim.   To establish supervisory liability on the part of the Warden and former Commissioner, plaintiff must show that: (1) they had actual or constructive knowledge that their subordinates were engaged in conduct that violated his constitutional rights; (2) their response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between their inaction and the particular constitutional injury suffered by plaintiff.   *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994).   Plaintiff has provided no evidence demonstrating any of these factors and, in any event, has failed to establish an underlying constitutional deprivation or injury.

[5]      Plaintiff may seek relief through Maryland's Tort Claims Act.   *See* Md. Code Ann., State Gov't, §§ 12-101, *et seq*.

[6]      *Juncker* relied on *Parratt* in dismissing a plaintiff's due process claims.   Accordingly, although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property.

Having found no genuine dispute of material fact justifying a trial on the merits in this case, the court shall grant defendants' motion for summary judgment.   A separate Order follows.


Date:  April 6, 2010                           _____/s/_____
                                               Catherine C. Blake
                                               United States District Judge